## RYCKMAN v. GLEICH.

(No. 499; Decided May 10th, 1915; 148 Pac. 1151.)

1. Where the only error assigned is that the judgment is unsupported by the findings, the point being submitted on the record without a bill of exceptions, if the findings appear to support the judgment, it will be affirmed.

ERROR to the District Court, Uinta County; HON. DAVID H. CRAIG, Judge.

The facts are stated in the opinion.

*J. H. Ryckman,* attorney *pro se.*

The judgment is not supported by the findings. The findings are conflicting and contradictory. It was error to sup-

press depositions offered by plaintiff. They were filed with the Clerk April 22nd, 1904. No exceptions to depositions will be regarded other than for incompetency or irrelevancy, unless made and filed before the commencement of the suit. (Comp. Stats. 1910, Secs. 3726, 3727; Laramie Coal & Ice Co. v. Eastman, 5 Wyo. 148, 38 Pac. 680.) It is error to entertain an oral motion to suppress. (St. Louis R. Co. v. Morse, 16 Pac. 453; Rockford Ins. Co. v. Bank, 50 Kan. 428, 31 Pac. 1063.) The objection comes too late, if made at the trial. (Winslow v. Newlan, 45 Ill. 146; American Pub. Co. v. Mayne Co., 9 Utah, 318, 34 Pac. 247; Doane v. Glenn, 21 Wallace, 33; Howard v. Mfg. Co., 139 U. S. 199; Palms v. Richardson, 51 Mich. 85.) The rule has been held to apply where depositions were taken without notice. (Holman v. Bachus, 73 Mo. 49; Bell v. Jamison, 102 Mo. 71; Griggsby v. May, 57 Tex. 255.)

No appearance for defendant in error.

POTTER, CHIEF JUSTICE.

This was an action for the recovery of a money judgment, and there was a counter claim. The plaintiff below has brought the case here on error. There is no bill of exceptions in the case and the only point suggested in the brief that can be considered is the contention that the judgment is not sustained by the findings. There was a judgment for the plaintiff for $117.10, conditioned, however, upon the return of certain chattels found to have been delivered to the plaintiff by defendant as collateral security. The contention is that the findings show a balance due to the plaintiff of $317.10, and therefore that the judgment in favor of the plaintiff should be for that amount. But we think counsel is clearly mistaken in this. As we read the findings the amount of the balance found to be due to the plaintiff is $117.10, the amount of the judgment. The judgment will be affirmed.

SCOTT, J., concurs.

BEARD, JUSTICE, having been of counsel in the case below, did not sit.